UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | NO. 2:09-CV-279-TJW |
| TICKETMASTER ENTERTAINMENT, | § | |
| INC., et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss under Rule 12(b)(6). [*See* Dkt. No. 115.] The plaintiff, TQP Development, LLC ("TQP"), filed suit against various defendants for the alleged infringement of U.S. Patent No. 5,412,730 ("the '730 patent"). Defendants argue that the Complaint should be dismissed because the infringement claims fail as a matter of law. For the following reasons, the Court DENIES Defendants' motion.

**I.      LEGAL STANDARD**

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*,

1

550 U.S. 544, 555 (2007). The Court may not rely on "conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* The Court must assume that the allegations in the complaint are true. *See id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327. The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

## II. DISCUSSION

Defendants argue that as a matter of law they do not infringe. Defendants argue that the asserted '730 patent involves a method for transmitting data over a communication link that requires two-party interaction between the Defendants and their customers' computers. Defendants argue that the customers/end-users do not maintain the required legal relationship with Defendants that would cause them to be liable for patent infringement based on any contributory, joint infringement, or inducement theory. In response, TQP argues that the allegations in the Complaint are sufficient to provide notice of its claims of infringement, are more than mere labels and conclusions, and are sufficient to survive a motion to dismiss.

The Court rejects Defendants' arguments. The Court finds that TQP specifically alleged facts to demonstrate that Defendants themselves performed the required steps of the '730 patent.

The Court finds that TQP also specifically alleged facts to demonstrate that Defendants exercised sufficient direction or control over any steps performed by a third party. The Court finds that TQP's allegations are more than labels and conclusions and demonstrate facts that, if proven, entitle TQP to prevail. "The Court does not require that plaintiffs in a patent infringement lawsuit attach fully-developed infringement contentions to its complaint." *See Actus, LLC v. Bank of America Corp.*, 2010 WL 547183, *2 (E.D. Tex. Feb. 10, 2010). Without any discovery or a claim construction at this stage of the case, the Court is not persuaded to find that Defendants cannot infringe, as a matter of law, any asserted claim. *See OLA, LLC v. Builder Homesite, Inc.*, 661 F. Supp. 2d 668, 673 (E.D. Tex. 2009). Taking all facts pled in the Complaint as true, the Court finds that TQP has sufficiently pled factual allegations that would raise a right to relief that is "plausible on its face" and above the speculative. *See WiAV Networks, LLC v. 3com Corp.*, 2009 WL 6048922, *3-4 (E.D. Tex. Dec. 15, 2009). Thus, the Court DENIES Defendants' motion to dismiss.

### III. CONCLUSION

The Court finds that the Complaint contains sufficient allegations to state a claim under 35 U.S.C. § 271 and to survive a motion to dismiss. Accordingly, the Court DENIES the Defendants' motion to dismiss.

IT IS SO ORDERED.

SIGNED this 28th day of April, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE