IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQP Develpment, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:09-CV-279 |
| Ticketmaster Entertainment, Inc., et al., | § § § | |
| Defendants. | § § § | |

**O R D E R**

Before the Court is Plaintiff's Emergency Motion to Compel Discovery from Defendant United Parcel Service, Inc., filed on January 26, 2012. Dkt. No. 237. Also before the Court is United Parcel Service, Inc.'s ("UPS") response, Plaintiff's Reply and UPS' sur-reply. Dkt. Nos. 240, 242 and 243. On January 30, 2012, the Court ordered that United Parcel Service, Inc.'s ("UPS") response to Plaintiff's Motion shall be filed by no later than Friday, February 3, 2012, at 5:00 P.M. (CST) and Plaintiff's reply shall be filed by no later than Monday, February 6, 2012, at 5:00 P.M. (CST). Dkt. No. 238.

UPS's response was timely filed on February 3, 2012. However, Plaintiff's reply was not filed until 10:55 P.M. on February 6, 2012, almost six hours after the deadline. Plaintiff did not file a motion for extension or time nor did Plaintiff offer an explanation in its reply for its tardiness. This is not the first time that Plaintiff has failed to comply with the Court's rules and orders. When the present emergency motion was filed on January 26, 2012, Plaintiff's counsel failed to notify the Court of the filing as is required by Local Rule 7(m). Accordingly, the Court hereby **STRIKES** Plaintiff's reply (Dkt. No. 242) for being untimely filed.

Having considered the parties' briefing and arguments, the Court finds that Plaintiff's Motion to Compel should be **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth below.

Plaintiff moves for an order compelling UPS to produce certain documents, to designate a deponent in response to Plaintiff's request, and to respond in full to Plaintiff's interrogatories to UPS. Dkt. No. 237. Plaintiff submits that UPS has produced "less than 4,000 pages of documents" and has failed to produce "patent licenses, documents related to revenue or sales generated through the accused websites, or metrics related to the accused instrumentalities." *Id*. at 1-2. Plaintiff also accuses UPS of thwarting Plaintiff's efforts at obtaining testimony from UPS's corporate representatives. Plaintiff states that it served its first 30(b)(6) notice of deposition to UPS on November 1, 2011, for a deposition to take place in early January. However, UPS has not provided Plaintiff with the names of witnesses, available dates, or the topics that these witnesses are designated to address. *Id*. at 2. Finally, Plaintiff complains that UPS' responses to Plaintiff's common interrogatories were deficient. *Id*. Despite two letters from Plaintiff regarding these deficiencies, UPS has not supplemented their interrogatory responses. *Id*.

UPS responds that its production of documents pursuant to Patent Rule 3-4(a) has been complete since January 28, 2011. Dkt. No. 240 at 2. UPS did not develop the accused software components but licensed them from a third party vendor. Thus, according to UPS, it does not have an software development documents, functional specification, or source code. Other than what it has already produced to Plaintiff, UPS states that it does not have any other documents or information in its possession, custody, or control relating to the operation of the software that

constitutes the accused instrumentality. *Id*. at 2. UPS submits that on January 5, 2012, its counsel agreed to "pursue creating documents containing other information to provide some of the information requested by [Plaintiff]" *Id*. On February 1, 2012, UPS produced approximately 80,000 pages of documents, the bulk of which had to be created because the information did not exist in a document format. *Id*. at 3.

UPS further responds that two months would normally be ample time to arrange a 30(b)(6) deposition. However, for a company like UPS that "conducts a substantial portion of its annual business over the holidays," sending the deposition notice shortly before the holiday season for the second business day of 2012 is not reasonable. Dkt. No. 240 at 3. UPS submits that it has been diligently interview individuals to find the right witnesses and has provided Plaintiff with witnesses' names and proposed dates and locations for depositions. *Id*. at 4.

Finally, UPS argues that it believes Plaintiff has not properly met and conferred regarding a motion to compel supplemental discovery responses. UPS states that the last communication regarding interrogatory responses was in June 2011. Furthermore, counsel for UPS does not recall discussion supplemental interrogatory responses during the meet and confer regarding discovery. *Id*. at 4. UPS states that it has prepared supplemental responses to Plaintiff's common interrogatories that it will serve shortly. *Id*.

UPS further argues that Plaintiff's motion is now moot because UPS has provided Plaintiff with 30(b)(6) designees, dates, and topics as requested by Plaintiff, supplemented its interrogatory responses, and generated and produced tens of thousands of pages of reports in response to Plaintiff's request. Dkt. No. 243. UPS argues that Plaintiff has not provided it with "any meaningful specificity as to what is purportedly missing" from the discovery provided by UPS. *Id*. at 2. UPS states that it is currently producing additional generated reports and are

working with database managers to find if it is possible to extract some of the information requested by Plaintiff.  *Id*.  UPS

The Docket Control Order in the above-captioned case set January 28, 2011, as the deadline for substantial compliance pursuant to Paragraph 3 of the Court's Discovery Order.  Dkt. No. 172 at 3.  Paragraph 3 of the Discovery Order states, in part, that "[e]ach party, without awaiting a discovery request, shall provide, to the extent not already provided, to every other party . . . a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action."  Dkt. No. 171 at 3.

Plaintiff argues that UPS has failed to produce "patent licenses, documents related to revenue or sales generated through the accused websites, or metrics related to the accused instrumentalities."  Plaintiff states that it is vital for it to obtain this discovery because opening expert reports are due on March 2, 2012 and fact discovery ends on April 20, 2012.  UPS argues that Plaintiff has not specifically identified what is missing from UPS' document production.  UPS' response makes clear that it believes that it has produced all technical documents within its possession, custody, or control.  However, UPS does not address the "patent licenses, documents related to revenue or sales generated through the accused websites, or metrics related to the accused instrumentalities" that Plaintiff claims it has not received from UPS.  UPS does not state that these documents have been produced or even address these categories of documents in its pleadings.  UPS also does not argue that the documents Plaintiff seeks are not relevant to any pleaded claims or defenses involved in this action.  Accordingly, Plaintiff's motion to compel with respect to UPS' document production is hereby **GRANTED**.  UPS shall, within **FOURTEEN (14)** calendar days of this order, produce to Plaintiff any relevant patent licenses,

documents related to revenue or sales generated through the accused websites, or metrics related to the accused instrumentalities that have not already been produced to Plaintiff.

With respect to Plaintiff's request to compel UPS to provide Plaintiff with knowledgeable witnesses and dates for 30(b)(6) depositions, it appears that UPS has already provided UPS with the names of potential witnesses, dates, and locations for 30(b)(6) depositions.  Therefore, Plaintiff's motion to compel with respect to the 30(b)(6) deposition notice is hereby **DENIED**.

Plaintiff also complains about UPS' allegedly deficient responses to Plaintiff's common interrogatories.  Aside from Plaintiff's own arguments, Plaintiff has not presented the Court with any evidence to show that UPS' responses are deficient.  Even if Plaintiff had made such a showing, Plaintiff did not meet and confer with UPS pursuant to Local Rule 7(h) regarding UPS' interrogatory responses prior to filing this motion.  Therefore, Plaintiff's motion to compel with respect to UPS' interrogatory responses is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 9th day of February, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE